IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

EUGENE JOHNSON,

                      Petitioner,                    Case No. 3:06 CV 2816

-vs-

                                                    MEMORANDUM OPINION

RICH GANSHEIMER, Warden

                    Respondent.

KATZ, J.

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Vernelis K. Armstrong (Doc. 61), and Petitioner's objections to the R&R (Doc. 65). The Magistrate Judge recommended that the Court deny Petitioner's petition for writ of habeas corpus and grant Respondent's motion for summary judgment. For the reasons below, the Court now adopts the Magistrate's R&R in full, grants Respondent's motion for summary judgment, and denies the petition.

**I. Background**

The Court hereby adopts the Magistrate's description of the factual and procedural background of this case as set forward in the R&R, with minor corrections:

### I. FACTUAL BACKGROUND

**A. Court of Appeals Findings of Fact**
**1. The Shooting Incident**

The Court of Appeals for the Eighth District, Cuyahoga County, Ohio, determined that Clifton Hudson, Jr., age 19, was shot to death on Feburary 10, 1995 on Strathmore Road in East Cleveland. The State's principal witness to the shooting was Tamika Harris, age 15. Ms. Harris was on her way home around 5:45 p.m. with her friend, Monique, when they heard gunshots. Tamika testified that she observed a boy shooting another boy. The victim was lying on the sidewalk and she heard five more shots as she stood up against the bridge. Ms. Harris observed a black four-by-four vehicle stopped on Strathmore at the time of the shooting. Petitioner came from the rear of the van toward the victim, after two shots were fired. She stated that Petitioner had a

black gun in his hand; she observed him running by her to get to the black four-by-four which had slowed down after turning the corner onto Manhattan. After the last shots were fired, the black four-by-four turned, sped off and turned right on Manhattan Avenue, almost hitting another car.

### 2. The Investigation

At the scene of the shooting, Ms. Harris talked to the investigative detectives, giving them a description of the black Bronco- or Blazer-type vehicle. Later that evening, Officer Tavano observed a similar vehicle parked in the driveway at 1836 Knowles, not far from where the victim was shot. Upon seeing the vehicle, Officer Tavano called the detectives.

At the East Cleveland Police Station, Ms. Harris identified Petitioner as the person she saw shoot and kill the unarmed victim as well as the black four-by-four. Upon cross-examination, Ms. Harris testified that she made a written statement describing Petitioner's clothing before she was shown his clothing and before she saw his photograph.

Petitioner tested negative for gunshot residue on his hands after he was arrested on February 11, 1995. However, a pair of gloves found in the pocket of Petitioner's jacket were analyzed by Ms. Sharon Rosenberg. The palm of the left glove was consistent with gunshot residue. The palm of the right glove was inconclusive regarding gunshot residue. There was no nitrate reaction to the sleeve of Petitioner's jacket.

### 3. The Indictment, Trial and Sentencing

On June 13, 1995, the grand jury in Cuyahoga County, Ohio, indicted Petitioner on one count of aggravated murder with a firearm (Docket No. 9, Exhibit 1). On January 16, 1996, the indictment was amended to include one count of murder with gun specifications (Docket No. 9, Exhibit 3). On January 22, 1996, a jury found Petitioner guilty of murder as charged in the amended indictment filed on January 22, 1996. Judge Stuart A. Saferin sentenced Petitioner to a term of fifteen years to life at the Lorain Correctional Institution (Docket No. 9, Exhibit 5).

## II. PROCEDURAL BACKGROUND

### A. The Direct Appeal

Petitioner filed a notice of appeal on February 20, 1996,[1] and the Court of Appeals for the Eighth Appellate District in Cuyahoga County, Ohio, affirmed the conviction on January 16, 1997 (Docket No. 9, Exhibits 6 &10). Petitioner filed a notice of appeal and notice of delayed appeal in the Ohio Supreme Court on March 24, 1997, and the Supreme Court of Ohio denied the motion for delayed appeal and dismissed the case on May 14, 1997 (Docket No. 9, Exhibits 11 &12).

---

[1] On appeal, Petitioner alleged that the trial court erred (1) in admitting eyewitness identification predicated on impermissibly suggestive and unreliable photographic identification; (2) failing to declare a mistrial in light of the prosecutorial misconduct; and (3) failing to declare a mistrial after improper third party communication with the jurors resulted in personal safety concerns and alleged juror intimidation (Docket No. 9, Exhibit 7).

2

### B. The Request for Post-conviction Relief

On November 20, 2001, Petitioner filed a motion to reopen in the court of appeals[2] (Docket No. 9. Exhibit 13). The court of appeals denied the motion on February 6, 2002[3] (Docket No. 9, Exhibit 16). Petitioner sought reconsideration of the court of appeals' decision on February 14, 2002 (Docket No. 9, Exhibit 17). The court of appeals denied the motion for reconsideration on February 21, 2002 (Docket No. 9, Exhibit 18).

Petitioner filed a notice of appeal in the Ohio Supreme Court (Docket No. 9, Exhibit 19). On April 17, 2002, the Supreme Court dismissed the appeal as not involving a substantial constitutional question (Docket No. 9, Exhibit 22).

On or about January 23, 2004, Petitioner filed a motion for leave to file a motion for a new trial (Docket No. 9. Exhibit 23). The court of common pleas granted Petitioner leave to file a motion for a new trial on January 29, 2004 (Docket No. 9, Exhibit 24). On February 17, 2004, the court of common pleas denied the motion for a new trial[4] (Docket No. 9, Exhibit 25).

On March 16, 2004, Petitioner filed a motion for evidentiary hearing based on newly discovered evidence[5] (Docket No. 9, Exhibit 26). Judge Nancy Margaret Russo conducted a hearing to determine if Petitioner was unavoidably prevented from filing a motion for new trial (Docket No. 9, Exhibit 27). On July 22, 2004, Petitioner was granted leave to file a motion for new trial (Docket No. 9, Exhibit 29). Petitioner filed a motion for new trial on July 27, 2004 (Docket No. 9, Exhibit 30). Petitioner's motion for a new trial was granted and a bond was set on September 17, 2004 (Docket No. 9, Exhibit 32). The State of Ohio appealed this order to the appellate court for the Eighth Judicial District[6] (Docket No. 9, Exhibit

---

[2] Petitioner argued that his conviction was the result of ineffective assistance of appellate and trial counsel.

[3] The court of appeals found that Petitioner's motion to reopen was untimely filed and barred by res judicata.

[4] The trial court found that the motion for a new trial did not comply with Crim. R. 33(B) since it was not filed within 120 days of the verdict/sentence or within seven days of a court finding that Petitioner was unavoidably prevented from discovering the alleged new evidence.

[5] Tamika Harris recanted her identification of Petitioner as the shooter and clarified that she identified Petitioner based on his clothing.

[6] The State of Ohio argued that the trial court erred in finding that Petitioner was unavoidably prevented from timely filing a motion for new trial. The State of Ohio also argued that the trial court erred in granting Petitioner's motion for a new trial.

33). The court of appeals reversed the trial court's decision on July 21, 2005 (Docket No. 9, Exhibit 36). Petitioner's motion for reconsideration was denied by the court of appeals on August 4, 2005 (Docket No. 9, Exhibit 38). Petitioner appealed this decision to the Ohio Supreme Court on September 19, 2005[7] (Docket No. 9, Exhibit 39). The Supreme Court of Ohio declined jurisdiction and dismissed the appeal (Docket No. 8, Exhibit 41). The Supreme Court of Ohio denied Petitioner's motion for reconsideration on March 29, 2006 (Docket No. 9, Exhibit 43).

### III. WRIT OF HABEAS CORPUS

Petitioner filed a Petition for Writ of Habeas Corpus on November 21, 2006[8] (Docket No. 1). Respondent filed a Return of Writ and Petitioner filed a Traverse (Docket Nos 9 & 15). The Magistrate delayed considering the merits of the Motion for Summary Judgment and recommended that an evidentiary hearing be conducted (Docket No. 16).

United States District Court Judge David A. Katz adopted the recommendation and a hearing was conducted (Docket No. 53). The parties filed post-hearing briefs (Docket Nos. 57 & 58).

The Magistrate received the case under Local Rule 72.2(b)(2) and recommended denying the writ of habeas corpus. This Court conducts a *de novo* review of the Magistrate's R & R. 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

**II. Discussion**

---

[7] Petitioner argued that (1) the trial court's determination that a criminal defendant's delay in fling a motion for a new trial based upon newly discovered evidence was reasonable under the circumstances and should not have been disturbed by the appellate court and (2) the trial court's conclusion that a criminal defendant has presented newly discovered evidence justifying a new trial is not unreasonable or arbitrary and should not be disturbed on appeal if supported by competent and credible evidence.

[8] Petitioner asserts two claims. First, the Eighth District Court of Appeals deprived him of his due process rights by erroneously holding that the trial court abused its discretion in granting his motion for leave to file a motion for new trial.
Second, the Eighth District Court of Appeals deprived him of his due process rights by erroneously holding that the trial court abused its discretion in granting petitioner's motion for new trial.

In the R&R, the Magistrate found that "Petitioner [has] presented evidence of innocence strong enough to persuade the Magistrate that the underlying trial may have been compromised." (Doc. 65 at 7). As the Magistrate correctly noted, however, such a showing suffices merely to excuse Petitioner's procedural default and allow review of the claims raised in the Writ; it does not itself suffice to establish an independent constitutional claim. The Magistrate then found that Petitioner's due process claims were really claims challenging the state court's application of state law, and thus that habeas relief would not lie.

Petitioner objects to the R&R on two grounds: first, that his due process claims were indeed cognizable on habeas; and second, that his "actual innocence" claim entitles him to habeas relief. As to the first ground, this Court finds that the Magistrate was correct in concluding that Petitioner's due process claims in fact challenge the Ohio appellate court's legal conclusion that the trial court abused its discretion in granting Petitioner's motion for a new trial, and that such a claim is not cognizable on habeas, as "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

As to the second ground, the Court finds that Petitioner's reliance on *Herrera v. Collins*, 506 U.S. 390 (1993), is misplaced. The Court in *Herrera* held that a claim of "actual innocence" is "not as an independent constitutional claim," but rather is "a basis upon which a habeas petitioner may have an independent constitutional claim considered on the merits, even though his habeas petition would otherwise be regarded as successive or abusive." *Id*. at 416-417. Though the *Herrera* Court assumed, *arguendo*, "that in a *capital* case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim," *id*. at 417

5

(emphasis added), this is not a capital case, and thus even this potential exception does not apply. Therefore, Petitioner's "actual innocence" claim does not state a ground upon which relief may be granted in this case.

**III. Conclusion**

For the above stated reasons, the findings and recommendations of the Magistrate are adopted. Furthermore, the Court has determined *sua sponte* that no certificate of probable cause should issue in this case, as any appeal would lack substantial merit. Johnson's petition for writ of habeas corpus (Doc. 1) is therefore denied, and Respondent's motion for summary judgment (Doc. 40) is granted.

IT IS SO ORDERED.

      s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE